**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

_____
                              )
STEPHEN C. CROSSAN, <u>et al.</u>,  )
                              )
        Plaintiffs,           )
                              )
v.                            )     Civil Action No. 05-1219
                              )
COUNTY OF ARLINGTON           )
MANAGER, <u>et al.</u>,            )
                              )
        Defendants.           )
_____)

**ORDER**

This matter comes before the Court on Defendant Louise DiMatteo's (DiMatteo) Motion to Dismiss. Plaintiffs filed an Amended Complaint on January 20, 2006, alleging several acts of misconduct by DiMatteo. Since then, Plaintiffs Anthony Sabo and Stephen Crossan (Crossan) have voluntarily dismissed each of their claims against DiMatteo. The claims brought by Plaintiff Samuel Shipkovitz (Shipkovitz) against DiMatteo are the subject of the present motion. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1367 (2000).

Shipkovitz's claims against DiMatteo arise out of her actions as counsel for Arlington County in the present matter. Specifically, Shipkovitz claims that DiMatteo (1) unlawfully prohibited Shipkovitz from entering Crossan's apartment by ordering county employees to deny him entry to the apartment; (2)

met with Crossan and Crossan's criminal counsel regarding pending building code violations at Crossan's apartment, despite the objections of Shipkovitz, Crossan's civil counsel at the time; (3) conspired with Crossan's criminal counsel to deny Shipkovitz access to Crossan's apartment; and (4) threatened the theft/conversion of Shipkovitz's personal property in Crossan's apartment. DiMatteo argues that each of Shipkovitz's claims should be dismissed because they violate Fed. R. Civ. P. 10(a), 12(b)(6), and she has qualified immunity from Shipkovitz's claims.

As an initial matter, the Court finds, as explained below, that DiMatteo's Motion to Dismiss should be granted pursuant to Fed. R. Civ. P. 10(a), 12(b)(6). Therefore, the Court need not consider DiMatteo's claim of qualified immunity. Federal Rule of Civil Procedure 10(a) provides that "[i]n the complaint the title of the action shall include the names of all the parties." While DiMatteo is named in the body of Plaintiffs' Amended Complaint, she is not named in the title of the action as required by Fed. R. Civ. P. 10(a). Therefore, Plaintiffs' Amended Complaint violates Fed. R. Civ. P. 10(a), and DiMatteo's Motion to Dismiss should be granted. However, even if the Court were to disregard the explicit requirements of Fed. R. Civ. P. 10(a), Plaintiffs' Amended Complaint should be dismissed as to DiMatteo pursuant to Fed. R. Civ. P. 12(b)(6).

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must review all well plead allegations contained in a plaintiff's complaint to determine whether such allegations could possibly entitle the plaintiff to the relief it seeks. Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325-26 (4th Cir. 2001). While courts must view the allegations contained in a plaintiff's complaint in the light most favorable to the plaintiff, E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000), courts need not credit conclusory legal terms and allegations that are not reasonably supported by factual allegations. Taubman Realty Group Ltd. P'ship v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003); Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001). When it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The Court finds that even when the allegations made against DiMatteo in Plaintiffs' Amended Complaint are viewed in the light most favorable to Shipkovitz, he has failed to state a claim. There is no evidence that any of DiMatteo's actions were outside the scope of her power and authority as counsel for Arlington County and its employees. Rather, DiMatteo merely advised county employees, her clients, to deny Shipkovitz entry to Crossan's

Apartment pending resolution of this matter. Likewise, DiMatteo met with Crossan's criminal counsel to discuss matters relevant to county employees, her clients, who would likely be called as witnesses in the criminal matter relating to building and fire code violations in Crossan's apartment. Furthermore, there are no factual allegations to support Shipkovitz's claim that DiMatteo conspired with Crossan's criminal counsel to deny Shipkovitz entry to Crossan's apartment or threaten to engage in the theft/conversion of Shipkovitz's personal property. Shipkovitz merely alleges that DiMatteo threatened to advise Arlington County to have Shipkovitz's personal property removed from Crossan's apartment and placed in a storage unit due to the fire and building code violations in the apartment. Such an allegation does not support a claim of theft/conversion. Therefore, it appearing to the Court that Plaintiff's Amended Complaint violates Fed. R. Civ. P. 10(a), 12(b)(6), it is hereby

ORDERED that Defendant DiMatteo's Motion to Dismiss is GRANTED and this case is DISMISSED as to Defendant DiMatteo.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
May 12, 2006